MORGAN v. STATE.

(Division A.  June 9, 1930.)

[128 So. 737.  No. 28636.]

Logan & Barbee, of Hernando, for appellant.

Geo. T. Mitchell, Attorney-General, and W. A. Shipman, Assistant Attorney-General, for the state.

Argued orally by J. W. Barbee, for appellant, and by W. A. Shipman, Assistant Attorney-General, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction of murder. The evidence for the state made out a case of murder, but, according to the evidence for the appellant, he drew his pistol for the purpose of protecting himself from an unprovoked attempt on the part of one Horne to shoot him, when the deceased intervened and tried to take his (the appellant's) pistol from him, causing the pistol to be

accidentally discharged and to fatally wound the deceased. The appellant was arrested after the killing and was committed by the magistrate to await the action of the grand jury. He did not testify on the committal trial, but did testify on the trial here being reviewed, and, in his cross-examination, the following questions and answers appear:

"Q. You came to trial here, Loyd. On the day of the trial here there wasn't a word said about Mr. Horne having tried to kill you? You came to trial here, the committing trial, and there wasn't one word said about Bill Horne having tried to shoot you?

"Objection: It is error for counsel to comment on defendant's failure to take the witness stand in any proceeding in court. Objection overruled. Exception.

"Q. You never said a word about it, did you? You have had this defense up your sleeve all this time? A. I was working under the advice of counsel.

"Q. You had told your counsel about it, hadn't you? A. Yes, sir.

"Q. And they bound you over without bond and you went back to jail? A. Yes, sir.

"Q. And you have stayed in jail from July till now? A. Yes, sir.

"Q. Your counsel, or you, have made no effort to get bond, have they? A. We had a preliminary hearing.

"Q. After that, you have made no effort to get bond— you or your counsel? A. No, sir."

Under section 1918, Code 1906, section 1651, Hemingway's Code 1927, the appellant should not have been required to disclose the fact that he did not testify on his committal trial, and the error in so doing was accentuated by his being made to say that he had disclosed his defense to his attorneys; but they neither used him as a witness on the committal trial nor made any attempt to secure bail for him. Because of the sharp con-

flict in the evidence, this error cannot be said to have been harmless.

Reversed and remanded.